## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. **REGINALD PRATT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 09 C 2995** |
| **v.** | ) | |
| | ) | |
| **BRADLEY ROBERT, Warden, Centralia Correctional Center,** | ) | **JUDGE DAVID H. COAR** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Reginald Pratt ("Petitioner" or "Pratt") brings a pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before this Court are Pratt's petition and

the State's motion to dismiss this petition as time-barred.  For the reasons stated below, the Court

finds that Pratt's habeas petition is untimely.  Accordingly, the State's motion to dismiss is

GRANTED, and Pratt's petition is DENIED.

## BACKGROUND

After a jury trial in the Circuit Court of Cook County in October 1992, Pratt was

convicted of first-degree murder and unlawful use of a weapon.  He was sentenced to concurrent

terms of forty-five and four years of imprisonment, respectively, and he is now in the custody of

Bradley Robert, the warden of Centralia Correctional Center.

Pratt appealed his murder conviction, and his direct appeal proceedings concluded when

the Illinois Supreme Court denied his petition for leave to appeal ("PLA") on January 31, 1996.

Meanwhile, on September 18, 1995, Pratt had filed his first state post-conviction petition.[1]

---

[1] While Pratt's petition is file-stamped October 16, 1995, the affidavits attached to his petition were signed on
September 18, 1995.  The Court adopts the State's assumption that the petition was mailed on the same day that

Pratt's petition was dismissed, he appealed, and those appellate proceedings concluded when the

Illinois Appellate Court affirmed the dismissal of his post-conviction petition on May 23, 1996.

The State claims that Pratt never filed a PLA from that dismissal in the Illinois Supreme Court,

and Pratt does not dispute this contention.

On November 14, 1996, Pratt filed a second post-conviction petition, which was

dismissed.  Pratt's appeal from that dismissal concluded when the Illinois Supreme Court denied

his PLA on December 5, 2001.  Pratt then filed an action seeking post-judgment relief under 735

ILCS 5/2-1401, as well as a writ of mandamus, on October 6, 2004.  That action was dismissed,

and Pratt's appeal from that dismissal concluded when the Illinois Supreme Court denied his

PLA on September 24, 2008.  Pratt filed a petition for a writ of certioriari in the United States

Supreme Court, which was denied on February 23, 2009.  *Pratt v. Illinois*, 129 S.Ct. 1327

(2009).

On May 12, 2009,[2] Pratt filed the instant petition for a writ of habeas corpus, raising one

claim: that the Illinois Department of Corrections is violating state law and his constitutional

rights by imposing a term of mandatory supervised release at the conclusion of Pratt's prison

sentence, rather than during his prison term.

## DISCUSSION

The State moves to dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d).

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes a one-year statute of limitations on petitions for habeas corpus relief filed by state

---

Pratt signed and dated it and affords Pratt the benefit of the earlier date under the Mailbox Rule. *See e.g.*, *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (Under the Mailbox Rule, a pro se petitioner's habeas petition is deemed "filed" for timeliness purpose on the date that he handed it to prison officials for mailing, not on the date that the court actually received the petition.)

[2] Pratt's habeas petition is file-stamped May 18, 2009, and the affidavits accompanying his petition were signed on May 12, 2009.  Again, the Court assumes that Pratt's petition was mailed on the day that he signed and dated it and accepts the State's suggestion to give Pratt the benefit of the earlier date.

prisoners under 28 U.S.C. § 2254.  Section 2244(d)(1) specifically provides that the limitations

period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Since Pratt does not allege a state-created impediment to filing, a newly recognized

constitutional right, or the discovery of a factual predicate leading to a new claim, *see*

§ 2244(d)(1)(B)-(D), the limitations period in his case began to run when his judgment became

final by the expiration of the time for seeking direct review.  *See* § 2244(d)(1)(A).

A petitioner's conviction becomes "final" for the purposes of § 2244(d)(1)(A) upon the

expiration of the 90-day period in which the petitioner may file a petition for a writ of certiorari

in the United States Supreme Court after the Illinois Supreme Court denies his PLA on direct

appeal.  *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000).  Because the Illinois

Supreme Court denied Pratt's PLA on January 31, 1996, his conviction became final 90 days

later—on April 30, 1996.  By the time his conviction became final, however, Pratt had already

filed his first post-conviction petition on September 18, 1995.  Under 28 U.S.C. § 2244(d)(2), the

limitations period for filing a habeas petition is tolled (i.e., stops running) while a properly filed

post-conviction petition is pending.  Accordingly, the statute of limitations for Pratt's habeas

petition did not begin running until the termination of his first post-conviction proceedings.  The

Seventh Circuit has not yet decided whether post-conviction proceedings terminate, for the purposes of the statute of limitations, when the state appellate court affirms a petition's dismissal, or when the time period for filing a PLA the Illinois Supreme Court expires. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (expressly reserving this question). The Court will assume, in Pratt's favor, that his post-conviction proceedings terminated upon the expiration of the 21-day period in which he could have filed a PLA in the Illinois Supreme Court after the appellate court affirmed the dismissal of his post-conviction petition.[3] Since the Illinois Appellate Court affirmed the dismissal of Pratt's post-conviction petition on May 23, 1996, Pratt's related post-conviction proceedings terminated 21 days later—on June 13, 1996. Thus, the statute of limitations governing Pratt's habeas petition began running on that date.

After running for 154 days, the statute of limitations stopped again when Pratt filed his second post-conviction petition on November 14, 1996. *See Smith v. Walls*, 276 F.3d 340, 344-45 (7th Cir. 2002) (per curiam) (when Illinois did not impose any filing preconditions for successive post-conviction petitions, statute of limitations was tolled immediately upon filing of the successive post-conviction). Unlike on direct review, the limitations period is not tolled during the 90 days in which a petitioner may file a petition for writ of certiorari in the United States Supreme Court after the denial of his PLA. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2004). The clock therefore resumed running when the Illinois Supreme Court denied Pratt's PLA from the dismissal of his second post-conviction petition on December 5, 2001. Because 154 days of the one-year limitations period had already elapsed, Pratt's habeas petition was due 211 days after December 5, 2001—on July

---

[3] At the relevant time, a petitioner had to file his PLA within 21 days of the entry of the appellate court's judgment, unless he filed a petition for rehearing or a timely notice of intent that would extend the filing time to 35 days. Ill. Sup. Ct. R. 315(b) (West 2004). The rule has since been amended to allow all petitioners 35 days in which to file a PLA. Ill. Sup. Ct. R. 315(b) (West 2009).

4, 2002. Pratt, however, did not file the instant habeas petition until May 12, 2009.[4] Because Pratt's habeas petition was long overdue, and he has not argued that equitable tolling should excuse his untimeless, the State's motion to dismiss Pratt's petition is GRANTED, and his habeas petition is therefore DENIED.

## CONCLUSION

For the reasons stated above, the State's motion to dismiss Pratt's petition for a writ of habeas corpus is GRANTED, and Pratt's habeas petition is therefore DENIED.

Enter:
/s/ David H. Coar

_____

David H. Coar
United States District Judge

**Dated:** March 30, 2010

---

[4] Pratt's filing of his combined action for mandamus and post-judgment relief on October 6, 2004 is irrelevant, as it was filed after the statute of limitations had already expired. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").